Nos. 25-5185, 25-5189, 25-5197

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ARIZONA MINING REFORM COALITION, et al.,
*Plaintiffs–Appellants*,

v.

UNITED STATES FOREST SERVICE, et al.
*Defendants–Appellees*.

and

RESOLUTION COPPER MINING, LLC,
*Intervenor-Defendant–Appellee*

(caption continued on following page)

Appeal from the United States District Court for the District of Arizona
Nos. 2:21-cv-68, 2:21-cv-122, 2:25-cv-2758 (Hon. Dominic W. Lanza)

## APPELLEES' EXPEDITED MOTION TO DISSOLVE THE ADMINISTRATIVE INJUNCTION

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

THEKLA HANSEN-YOUNG
ERIKA NORMAN
ANGELA ELLIS
EZEKIEL A. PETERSON
*Attorneys*
Environment & Natural Resources Div.
U.S. Department of Justice
999 18th St., Suite 370
Denver, CO 80202
(202) 598-6399

(caption continued from previous page)

---

SAN CARLOS APACHE TRIBE, et al.,
*Plaintiffs–Appellants*,

v.

UNITED STATES FOREST SERVICE, et al.
*Defendants–Appellees*.

and

RESOLUTION COPPER MINING, LLC,
*Intervenor-Defendant–Appellee*

---

GOUYEN BROWN LOPEZ, et al.,
*Plaintiffs–Appellants*,

v.

UNITED STATES OF AMERICA, et al.
*Defendants–Appellees*.

and

RESOLUTION COPPER MINING, LLC,
*Intervenor-Defendant–Appellee*

---

Federal Defendants-Appellees respectfully move this Court to immediately dissolve the temporary administrative injunction entered by the motions panel on August 18, 2025. Dkt. No. 19.[1]

For more than 40 days, an Act of Congress has been enjoined without any determination that Plaintiffs have met their burden to obtain an injunction pending appeal. *See id.* at 2 ("tak[ing] no position on the merits of the [Plaintiffs'] motion"). And Plaintiffs demonstrably fail to meet that burden, as the federal and private defendants have shown in their motion papers and merits briefs. Dkt. 76, 80. Indeed, as the district court correctly determined in its thorough opinions, Plaintiffs fail to establish even serious questions on the merits of their claims, and the equities favor the government. 1 Excerpts of Record (ER) 7. Yet the administrative injunction persists without any review by this Court. The Federal Government is entitled to dissolution of the administrative injunction and denial of Plaintiffs' pending motions to enjoin execution of a valid statute.

The statute at issue mandates a land exchange between the U.S. Forest Service and Resolution Copper LLC to mine one of the largest copper deposits in the world, which Resolution Copper discovered in the Tonto National Forest. The statute embodies a compromise: certain lands would be used for mining, other lands would be reserved for tribal use,

---

[1] All docket and excerpts of record cites refer to *Arizona Mining Reform Coalition v. U.S. Forest Service*, No. 25-5185.

1

and other lands would be added to national conservation areas. Congress made that policy decision after years of hearings and debate. Copper resources are critical to the U.S. economy and national security. And the proposed copper mine will ultimately produce up to 25% of the Nation's copper for 40 years.

Plaintiffs in these three consolidated cases seek to block Congress's decision, asserting a grab bag of environmental and other claims that are squarely foreclosed by the plain text of the statute, precedent, the record, and common sense. On August 15, 2025, the district court denied the preliminary injunction motions in *San Carlos* and *Arizona Mining Reform Coalition* ("*AMRC*"). 1-ER-2–95. Incorporating much of its reasoning from *San Carlos*/*AMRC*, the district court similarly denied the preliminary injunction motion in *Lopez* two days later. Order, *Lopez v. United States*, D. Ariz. No. 2:25-cv-2758 (Aug. 17, 2025), Dkt. 45. The district court found that Plaintiffs failed to show substantial questions on the merits of any claims, that the balance of equities did not favor an injunction, and that the congressionally-mandated land exchange should move forward. *See* Dkt. 78 at 22–25.

All three sets of Plaintiffs appealed from the preliminary injunction denial. On August 16, the *San Carlos* and *AMRC* Plaintiffs filed emergency motions in this Court seeking to enjoin the government from complying with the Southeast Arizona Land Exchange and Conservation

2

Act while this appeal is pending. The *Lopez* Plaintiffs followed suit on August 17.

On August 18, a motions panel entered a "*temporary* administrative injunction" blocking execution of the Exchange Act, "to preserve the status quo while [Plaintiffs' emergency injunction-pending-appeal] motions are pending." Order, Dkt. 19 at 2 (Aug. 18, 2025) (emphasis added). The motions panel expressly "t[ook] no position on the merits of the motions" and referred them to the merits panel for decision. *Id.* In doing so, the motions panel also "expedite[d] the briefing schedule for these appeals," and ordered that "[t]he clerk will place this appeal on the next available calendar" for oral argument. *Id.*

As of today, that *temporary* administrative injunction has been in effect for more than forty days. Now that these consolidated appeals have been assigned to the merits panel of this Court and calendared for oral argument on January 7, 2026, No. 25-5185, Dkt. No. 75.1, the temporary injunction entered by the motions panel should be immediately dissolved. The merits panel should then deny Plaintiffs' motions for an injunction pending appeal. Declining to do so will perpetuate harm to the United States.

Every day that goes by with the administrative injunction in place, an Act of Congress has been enjoined without review by this Court. The Land Exchange Act "authorize[d], direct[ed], facilitate[d], and expedite[d]" the exchange of certain federal lands in Arizona to

3

Intervenor-Defendant-Appellee Resolution Copper Mining LLC. 16 U.S.C. § 539p. It also expressly mandated that title to the federal lands be exchanged *within sixty days* of the Forest Service's publication of the Final Environmental Impact Statement. 16 U.S.C. § 539p(c)(10). The Forest Service published the FEIS on June 20, 2025—more than one-hundred days ago.

Whereas the motions panel may have determined a *temporary*, i.e., short, delay was appropriate notwithstanding Congress's clear directive, now that the appeals have been assigned to the merits panel, that limbo should not persist. An administrative injunction "is only intended to preserve the status quo until the substantive motion . . . can be considered on the merits." *Nat'l Urban League* v. *Ross*, 977 F.3d 698, 700–701 (9th Cir. 2020) (citation and internal quotations omitted); *cf.* Fed. R. Civ. P. 65(b) (a temporary restraining order is "not to exceed 14 days").

Just last Term, Justice Barrett warned against excessive "temporary administrative stay[s]" in *United States v. Texas*, 144 S. Ct. 797–98 (2024) (Barrett, J., concurring). There, the district court entered a preliminary injunction, prohibiting enforcement of a Texas state immigration law, *United States v. Texas*, No. 1:23-cv-1537, 2024 WL 861526 (W.D. Tex. Feb. 29, 2024), and Texas sought to stay that injunction pending appeal. The Fifth Circuit granted "a temporary administrative stay" of the injunction, and "deferred" ruling on Texas's motion for a stay pending appeal "to the oral argument merits panel that

4

receives th[e] case." *United States v. Texas*, No. 24-50149, 2024 WL 909612, at *1 (5th Cir. Mar. 2, 2024) (per curiam).

The Supreme Court denied applications to vacate the administrative stay. Concurring in that denial, Justice Barrett explained that "[d]eciding whether to grant a stay pending appeal requires consideration of the four . . . factors" set forth in *Nken v. Holder*, 556 U.S. 418, 426 (2009)—(1) a party's likelihood of success on the merits, (2) irreparable harm absent a stay, (3) that the potential harm to the party seeking a stay outweighs the harm to the opposing party, and (4) that a stay would serve the public interest. *Texas*, 144 S. Ct. at 798. Deciding whether to grant an administrative stay, however, is "an exercise of [a court's] docket-management authority" that "do[es] not typically reflect the court's consideration of the merits of the stay application," but simply "buys the court time to deliberate" on the four *Nken* factors. *Id.*; *see also id.* (collecting authorities and noting that the Supreme Court and the courts of appeals "frequently issue[] an administrative stay to permit time for briefing and deliberation").

But, Justice Barrett explained, just because a stay is characterized as "'administrative' does not mean [it is] value neutral." *Texas*, 144 S. Ct. at 798. An administrative stay is meant to "minimize harm while an appellate court deliberates, so the choice to issue an administrative stay reflects a first-blush judgment about the relative consequences of staying the [decision under review] versus allowing it go to into effect." *Id.* But it

5

is only a "stopgap decision," that is "supposed to be a *short-lived prelude* to the main event: a ruling on the motion for a stay pending appeal." *Texas*, 144 S. Ct. at 799 (emphasis added). Administrative stays may properly "function[] as a flexible, short-term tool," but only so long as a court does not "avoid *Nken* for too long." *Texas*, 144 S. Ct. at 799. An administrative stay "should last no longer than necessary to make an intelligent decision on the motion for a stay pending appeal," because "[o]nce a court is equipped to rule, its obligation to apply the *Nken* factors is triggered." *Id.* Otherwise, allowing an administrative stay "to linger" makes it effectively function "like [a] stay[] pending appeal." *Id.* at 800; *see also id.* at 803 & n.\* (Sotomayor, J., dissenting) (noting the "temporally unbounded" nature of this Court's administrative stay, and collecting authorities regarding the "develop[ment of] a troubling habit of leaving 'administrative' stays in place for weeks if not months").

Here, the Court has been equipped to rule for weeks. The administrative injunction is now improperly functioning as an injunction pending appeal, exceeding this Court's docket-management authority. A transaction that Congress has expressly directed to occur by a date certain has been enjoined for more than forty days past the August 19 statutory deadline. 16 U.S.C. §§ 539p(a), c(10); *cf. Bank Markazi* v. *Peterson*, 578 U.S. 212, 234 (2016) ("This Court and lower courts have upheld as a valid exercise of Congress' legislative power diverse laws that governed one or a very small number of specific subjects."). Now that the

6

substantive motions can be considered by the merits panel, it is untenable for such an explicit Congressional instruction to be ignored any longer, based on an administrative injunction that "take[s] no position on the merits of the motions." Dkt. 19 at 2.

Because Plaintiffs seek "[a]n injunction pending appeal barring the enforcement of an Act of Congress," they bear an exceedingly heavy burden to show the "most critical and exigent circumstances" justifying that "extraordinary remedy." *Wisconsin Right to Life, Inc.* v. *FEC*, 542 U.S. 1305, 1305–1306 (2004) (cleaned up). Plaintiffs must also make a "clear showing" that they are "likely" to succeed on the merits of their appeals. *Winter* v. *NRDC, Inc.*, 555 U.S. 7, 20, 22 (2008). But as the district court explained, Plaintiffs come nowhere close to carrying that burden; their claims to stop the exchange falter on multiple independent grounds, and thus fail to show even serious questions on the merits. As explained in detail in the government's answering brief, Dkt. No. 76.1, Plaintiffs' claims each fail on the merits, they have failed to show imminent irreparable harm, and the balance of equities weighs in favor of carrying out the will of Congress.

The administrative injunction also prevents the government from taking specific concrete steps defined by Congress to develop domestic production of a critical mineral with vital national-security implications. On March 20, 2025, the President issued an Executive Order that the national and economic security of the country are acutely threatened by

7

the United States' reliance on foreign mineral production and affirming the need for "immediate action to facilitate domestic mineral production to the maximum possible extent." Exec. Order No. 14241, § 1, 90 Fed. Reg. 13673 (Mar. 20, 2025). Under that Executive Order, the Resolution Copper Project is classified as a "priority" mineral project. *See FAST-41 Transparency Projects*, Permitting Council, https://www.permits.performance.gov/projects/transparency-projects (last visited July 25, 2025). Further, on August 29, 2025, Secretary Burgum issued a statement that "[t]he Resolution Copper project [in particular] is vital to America's long-term security, energy infrastructure and global competitiveness." Press Release (Aug. 29, 2025), https://www.doi.gov/pressreleases/secretary-burgum-urges-action-resolution-copper-project-after-ninth-circuit-stay. Further delay jeopardizes these important priorities.

These are bipartisan priorities. President Obama signed the Land Exchange Act into law in 2014. Through that statute, Congress determined that facilitating copper mining in Arizona and expanding the Tonto National Forest through the non-federal conservation land the United States will receive from Resolution Copper are in the public interest. "[A] court sitting in equity cannot 'ignore the judgment of Congress[.]'" *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 497 (2001); *accord Am. Trucking Ass'ns v. City of Los Angeles*, 559

8

F.3d 1046, 1059–60 (9th Cir. 2009) (court abused discretion by failing to weigh "the public interest represented in Congress' decision.").[2]

## CONCLUSION

For these reasons, this Court should dissolve the temporary administrative injunction entered by the motions panel on August 18, and deny Plaintiffs' pending motions for an injunction pending appeal.

Respectfully submitted,

/s/ *Robert N. Stander*
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

THEKLA HANSEN-YOUNG
ERIKA NORMAN
ANGELA ELLIS
EZEKIEL A. PETERSON
*Attorneys*
Environment & Natural Resources Div.
U.S. Department of Justice
999 18th St., North Terrace, Suite 600
Denver, CO 80202
(202) 598-6399
ezekiel.a.peterson@usdoj.gov

September 30, 2025
90-1-4-16263
90-2-4-16252
90-1-4-16516

---

[2] Counsel for the Federal Defendants contacted Plaintiffs' counsel regarding this motion. Plaintiffs' counsel indicates that Plaintiffs oppose the requested relief.

9

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,967 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

/s/ *Robert N. Stander*
ROBERT N. STANDER

Counsel for Federal Respondents