# Nos. 25-5185, 25-5189, 25-5197

# In The United States Court of Appeals for the Ninth Circuit

ARIZONA MINING REFORM COALITION; et al.,

*Plaintiffs-Appellants,*

v.

BROOKE L. ROLLINS, U.S. Secretary of Agriculture, et al.,

*Defendants-Appellees*,

and

RESOLUTION COPPER MINING LLC,

*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 2:21-cv-00122-PHX-DWL
Hon. Dominic W. Lanza

**REPLY IN SUPPORT OF RESOLUTION COPPER MINING LLC'S
MOTION TO LIFT THE TEMPORARY ADMINISTRATIVE INJUNCTION**

Christopher D. Thomas
Andrea J. Driggs
Janet M. Howe
Benjamin A. Longbottom
HOLLAND & HART LLP
2398 E. Camelback Rd, Suite 650
Phoenix, AZ 85016
(602) 507-9704
CDThomas@hollandhart.com

Michael R. Huston
　*Counsel of Record*
Diane M. Johnsen
Nicholas S. Crown
Samantha J. Burke
Addison W. Bennett
PERKINS COIE LLP
2525 E Camelback Rd, Suite 500
Phoenix, AZ 85016
(602) 351-8000
MHuston@perkinscoie.com

*Counsel for Resolution Copper Mining LLC*

SAN CARLOS APACHE TRIBE, a federally recognized Tribe,

*Plaintiff-Appellant,*

v.

UNITED STATES FOREST SERVICE,
an agency of the U.S. Department of Agriculture, et al.,

*Defendants-Appellees*,

and

RESOLUTION COPPER MINING LLC,

*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 2:21-cv-0068-PHX-DWL
Hon. Dominic W. Lanza

GOUYEN BROWN LOPEZ, et al.,

*Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA, et al.,

*Defendants-Appellees*,

and

RESOLUTION COPPER MINING LLC,

*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 2:25-cv-2758-PHX-DWL
Hon. Dominic W. Lanza

# Table of Contents

**Page**

Argument ................................................................................................... 3

    A.    No authority permits Plaintiffs to obtain an injunction pending appeal without satisfying the *Winter* factors ........... 4

    B.    The temporary administrative injunction frustrates bipartisan concerns and inflicts irreparable harm— without any finding that such harm is warranted ................. 7

Conclusion ............................................................................................... 11

Certificate of Compliance ....................................................................... 12

- i -

## Table of Authorities

**Page(s)**

**CASES**

*A.A.R.P.* v. *Trump*,
　605 U.S. 91 (2025) ................................................................................. 7

*Al Otro Lado* v. *Wolf*,
　952 F.3d 999 (9th Cir. 2020) ................................................................. 6

*Apache Stronghold* v. *United States*,
　782 F. Supp. 3d 756 (D. Ariz. 2025) ................................................... 10

*Doe* v. *San Diego Unified Sch. Dist.*,
　19 F.4th 1173 (9th Cir. 2021) ............................................................... 1

*Goldie's Bookstore, Inc.* v. *Superior Ct. of State of Cal.*,
　739 F.2d 466 (9th Cir. 1984) ................................................................. 9

*Hobby Lobby Stores, Inc.* v. *Sebelius*,
　568 U.S. 1401 (2012) ........................................................................ 2, 4

*Hollingsworth* v. *Perry*,
　558 U.S. 183 (2010) ............................................................................... 6

*Kansas* v. *United States*,
　124 F.4th 529 (8th Cir. 2024) ............................................................... 6

*Mi Familia Vota* v. *Fontes*,
　111 F.4th 976 (9th Cir. 2024) ............................................................... 9

*National Urban League* v. *Ross*,
　977 F.3d 698 (9th Cir. 2020) ............................................................. 2,6

*Respect Maine PAC* v. *McKee*,
　562 U.S. 996 (2010) ........................................................................... 2, 4

*Seven County Infrastructure Coalition* v. *Eagle County*,
　145 S.Ct. 1497 (2025) ............................................................................ 1

*United States* v. *Texas*,
　144 S.Ct. 797 (2024) .......................................................................... 2, 5

*Winter* v. *NRDC, Inc.*,
　555 U.S. 7 (2008) ............................................................................ 1, 3–5

*Wisconsin Right to Life, Inc.* v. *FEC*,
    542 U.S. 1305 (2004) ........................................................................ 2,4

**STATUTES**

16 U.S.C. § 539p(c)(9)(B) ................................................................... 7, 8

16 U.S.C. § 539p(c)(10) ......................................................................... 7

28 U.S.C. § 1651 ..................................................................................... 2

**RULES**

Fed. R. App. P. § 27(a)(2) ...................................................................... 8

Plaintiffs do not identify any legal authority supporting an eight-week administrative injunction with no substantive judicial opinion—much less any authority for their latest proposal to extend that injunction by multiple additional months through oral argument without considering the mandatory injunction factors.

Because Plaintiffs cannot satisfy the factors of *Winter* v. *NRDC, Inc.*, 555 U.S. 7 (2008), to obtain an injunction pending appeal, *Doe* v. *San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176-1177 (9th Cir. 2021), they cannot demand entitlement to that same relief under the label of a "temporary administrative injunction." No judge has found that Plaintiffs' claims present even a serious question on the merits. The district court's 115 pages of analysis; the deference required by S*even County Infrastructure Coalition* v. *Eagle County*, 145 S.Ct. 1497 (2025); this Court's en banc precedent in *Apache Stronghold*; and the Supreme Court's recent rejection of materially identical arguments all emphatically defeat Plaintiffs' claims. And as the district court further found, the balance of harms independently forecloses Plaintiffs' requested injunction.

In a stark departure from Plaintiffs' injunction-pending-appeal motions, Plaintiffs now disclaim any need to satisfy *Winter*, claiming the "status quo" justifies indefinite injunctive relief. That is quite wrong: A "request for an injunction pending appeal 'does *not* simply suspend judicial alteration of the status quo,'" precisely because it "grants judicial intervention that has been withheld by lower courts." *Hobby Lobby Stores,*

- 1 -

*Inc.* v. *Sebelius*, 568 U.S. 1401, 1403 (2012) (Sotomayor, J., in chambers) (emphasis added) (quoting *Respect Maine PAC* v. *McKee*, 562 U.S. 996, 996 (2010)). It is *Plaintiffs* who sought to alter the status quo by "asking for an injunction against enforcement of a presumptively constitutional [federal] legislative act." *Respect Maine*, 562 U.S. at 996. Plaintiffs' startling suggestion to now ignore *Winter* defies the blackletter rule that an injunction pending appeal "is not a matter of right, but of discretion sparingly exercised." *Hobby Lobby*, 568 U.S. at 1403 (citation omitted).

Indeed, the *injunction* against executing a federal *statute* that Plaintiffs have requested (and at present, obtained) "'demands a significantly higher justification' than a request for a stay." *Respect Maine*, 562 U.S. at 996. The source of authority that Plaintiffs invoke, the All Writs Act, 28 U.S.C. § 1651, requires an "indisputably clear" right to relief and the "most critical and exigent circumstances" justifying an "injunction pending appeal barring the enforcement of an Act of Congress." *Wisconsin Right to Life, Inc.* v. *FEC*, 542 U.S. 1305, 1305-1306 (2004) (citation omitted). Plaintiffs come nowhere close to carrying that immense burden.

At bottom, all parties agree about what precedent requires: the motions panel's administrative order can last no longer than necessary to permit Plaintiffs' "substantive motion" to be "considered on the merits." *National Urban League* v. *Ross*, 977 F.3d 698, 700-701 (9th Cir. 2020); *accord United States* v. *Texas*, 144 S.Ct. 797, 798-799 (2024) (Barrett, J., concurring). Plaintiffs do not present any serious argument that

more time is needed to consider their motions for an injunction pending appeal; they merely argue that this Court should grant those motions. Whatever justification existed two months ago for a "temporary" pause to review Plaintiffs' motions has since passed. And the delay caused by an injunction that expressly took "no position on the merits" (Dkt. 19) is causing Resolution, its workforce, and the local community severe and ever-increasing irreparable harm. Dkt. 84.1 at 12-20; Dkt. 84.2.

In sum: Plaintiffs are currently benefitting from an injunction, against a clearly written federal statute, that no judge has opined is warranted under applicable Supreme Court or Ninth Circuit law, to the severe and irreparable prejudice of Resolution and the people of the United States. This Court should expeditiously address Plaintiffs' pending motions for emergency injunctions pending appeal under the mandatory *Winter* test—dissolving the administrative injunction in the process.

## ARGUMENT

As Resolution explained (Motion to Dissolve 7-9), Plaintiffs did not make the requisite showing under the *Winter* test for an extraordinary injunction against an Act of Congress. Plaintiffs' emergency motions have been ripe for decision since August 18. The temporary injunction has far exceeded even Plaintiffs' initial request for relief. *E.g.*, Lopez Dkt. 5 at iv. (requesting an administrative pause of "14[] days").

Now that the administrative injunction has functioned much like an injunction pending appeal for eight weeks—Plaintiffs change their

- 3 -

tune. They now ask this Court to avoid analyzing the *Winter* factors until oral argument (or longer). The Court should reject that gambit.[1]

### A. No authority permits Plaintiffs to obtain an injunction pending appeal without satisfying the *Winter* factors.

1.　Because an injunction pending appeal alters the status quo by "grant[ing] judicial intervention that has been withheld by lower courts," Plaintiffs' motion for an injunction requires "'a significantly higher justification' than a request for a stay." *Respect Maine*, 562 U.S. at 996. To justify an "injunction pending appeal barring the enforcement of an Act of Congress," Plaintiffs must show an "indisputably clear" right and the "most critical and exigent circumstances." *Wisconsin Right to Life*, 542 U.S. at 1305-1306 (citations omitted). For that reason, Lopez undercuts their position by observing (Opp. 4, 8) that the "standards for stays pending appeal" do not apply here. Plaintiffs' burdens to obtain an injunction pending appeal are *more* demanding. And even if Plaintiffs could demonstrate irreparable harm, an injunction still would not be "a matter of right." *Hobby Lobby*, 568 U.S. at 1403. At bare minimum Plaintiffs must satisfy the *Winter* factors—as they previously conceded. AMRC Dkt. 12.1 at 2-3; Tribe Dkt. 12.1 at 11-12; Lopez Dkt. 5 at 13-14.

Now that Plaintiffs have obtained an indefinite *administrative* injunction, they abandon that bedrock law. AMRC requests (Opp. 1-2)

---

[1] The Tribe mistakenly construes (Opp. 2, 6) Resolution's motion as seeking "reconsider[ation]" of the administrative order. Resolution and the government seek a *decision* on Plaintiffs' still-undecided motions.

- 4 -

that the administrative injunction remain intact "at least until these appeals can be heard" on "January 7, 2026." The Tribe contends (Opp. 9-10) that "balancing of the equities is irrelevant." And Lopez asserts that this Court need not "wade into the underlying merits of the issues on appeal." Lopez Opp. 7, 8. No legal authority is offered for those positions, which lay bare Plaintiffs' attempt to transform a temporary administrative order into a full injunction pending appeal.

2. Plaintiffs cite no statute, rule, or case endorsing their suggestion that an administrative injunction can defer the Court's obligation to decide the underlying motions by analyzing the *Winter* factors. "Once the court is equipped to rule, its obligation to apply the [injunction] factors is triggered." *Texas*, 144 S.Ct. at 798-799 (Barrett, J.).

Plaintiffs principally focus (AMRC Opp. 1; Lopez Opp. 1, 5, 9; Tribe Opp. 6-7) on the irrelevant question whether the motions panel's August administrative order was proper. Those arguments are inapt because Plaintiffs' still-pending motions for injunction pending appeal remain in need of decision. The order entering an administrative injunction was clear *not* to consider the merits. Dkt. 19.

Similarly misguided are Plaintiffs' claims that "preserv[ing] the status quo" itself justifies injunctive relief. AMRC Opp. 2 (cleaned up); *see* Tribe Opp. 10; Lopez Opp. 3-4. As noted above, it is *Plaintiffs* who seek to alter the status quo because they ask to override a district court order and halt a presumptively valid Act of Congress. In any event, the

- 5 -

point of the *Winter* test is to address *whether* to "maintain[] the status quo." *Kansas* v. *United States*, 124 F.4th 529, 534 (8th Cir. 2024).

Lopez bizarrely asserts (Opp. 4) that Resolution "fails to even mention" the applicable "standard" from *National Urban League* v. *Ross*. Resolution's Motion cited that decision five times. Dkt. 84.1 at 2, 6, 10, 11, 12. And while Lopez observes that an administrative stay was entered there, they overlook that the same panel held oral argument—and issued its decision on the motion—within one week. *National Urban League*, No. 20-16868 (9th Cir.), Dkts. 36, 45. *National Urban League* reiterated that an administrative order is simply a very brief placeholder until the substantive motion can be decided.

The Tribe contends (Opp. 11-12) that the length of this administrative injunction "is consistent" with "other cases," but it does not identify a single decision where—as here—a multi-month "administrative" order granted the very emergency relief that a district court had withheld. *See Al Otro Lado* v. *Wolf*, 952 F.3d 999, 1003 (9th Cir. 2020) ("the district court granted a preliminary injunction").

The Tribe does not advance its position by citing (Opp. 11-12) Supreme Court emergency-docket orders. None of those involved an administrative order lasting more than a few days; in each case, the Supreme Court resolved substantive motions for relief. While the Court did not explain its reasoning in every case, it necessarily concluded that the movants were entitled to relief. *See Hollingsworth* v. *Perry*, 558 U.S. 183,

190-191 (2010) (a stay requires a strong showing that the Supreme Court will "grant a petition for a writ of certiorari and reverse").

AMRC similarly fails to cite any authority supporting its request to transform an administrative injunction into an injunction-pending-oral-argument without analyzing the merits. The emergency injunction in *A.A.R.P.* v. *Trump*, 605 U.S. 91 (2025), lasted 27 days—less than half the current length of the administrative injunction here. *Id.* at 92.

Resolution reiterates that responsibility for the present delay does not rest with this Court. As noted (Motion to Dissolve 12), Plaintiffs *collectively* failed to identify an available oral argument date before January 2026—prolonging the process for assigning a merits panel. *Contra* AMRC Opp. 4. Now that a calendar has been assigned, this Court should reject Plaintiffs' unprincipled request to postpone a ruling on the motions.

### B. The temporary administrative injunction frustrates bipartisan concerns and inflicts irreparable harm—without any finding that such harm is warranted.

The administrative injunction is thwarting a bipartisan Act of Congress aimed at bolstering national security. Contrary to Plaintiffs' contention (Lopez Opp. 9), they are not "seek[ing] to enforce" the Exchange Act with this appeal. The statutory text is clear: The FEIS does not inform whether to complete the mandatory land exchange, which *must* be completed no later than 60 days after the FEIS's publication. 16 U.S.C. § 539p(c)(9)(B) and (10). Judicial review of Plaintiffs' objections to the

- 7 -

FEIS will become relevant only when the Forest Service produces final agency action on the later "decisions … related to the proposed mine" that the FEIS will inform. *Id.* § 539p(c)(9)(B).

Resolution also demonstrated how the administrative injunction is causing extremely significant and ever-increasing irreparable harm both to itself and to the surrounding community that must continue waiting for the deal promised by Congress. Those harms include an imminent (and irreversible) loss of professionals; significant holding costs eclipsing $11 million per month; the freezing of hundreds of millions of dollars in procurement funds; and a serious risk to Resolution's timeline to access power. Dkt. 84.1 at 16-18; Dkt. 84.2. It is important to be clear about the real, human consequences of the present injunction: If that injunction persists, then miners in Superior, Arizona are likely to lose their jobs and be forced to move their families and find new work. Plaintiffs have not come close to showing how that is an equitable outcome from a lawsuit that no judge has found to have any serious merit.

Plaintiffs do not seriously dispute the imminence of these injuries, or the severity of the fallout. Instead, they ask this Court to disregard those facts altogether: They assert that the declaration of Resolution's President attesting to these grave threats is not properly before the Court. Tribe Opp. 5, 9; AMRC Opp. 1-2. But Federal Rule of Appellate Procedure 27(a)(2) permits "accompanying documents" containing "factual information" relevant to the motion. Plaintiffs' claims (AMRC Opp.

- 8 -

2; Tribe Opp. 5) that the declaration is not part of the "record" are beside the point: Resolution introduced that sworn (and unrebutted) declaration to support its motion to dissolve the present injunction, and to describe some factual developments that have arisen in recent months. Those facts are undeniably relevant to considering the "practical effect" of the motions panel's emergency ruling. *Mi Familia Vota* v. *Fontes*, 111 F.4th 976, 984 (9th Cir. 2024); Dkt. 84.1 at 13.

Plaintiffs quibble (AMRC Opp. 15; Lopez Opp. 5-6) that Resolution's asserted harms are not irreparable because they are financial. But that is demonstrably incorrect because Resolution is incurring *unrecoverable* costs for which it can never get money damages. *Goldie's Bookstore, Inc.* v. *Superior Ct. of State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984). Moreover, Plaintiffs' assertion that Resolution's "holding costs" should be ignored because they are "voluntary" profoundly misstates Resolution's ongoing irreparable harm. As Resolution explained, it has been making investments of approximately $11 million every month since 2021 in reliance on Congress's express promise to convey the land within 60 days of an FEIS's issuance. Dkt. 84.1 at 15-16; Dkt. 84.2 ¶ 22.

Plaintiffs claim without support (AMRC Opp. 7-8; Lopez Opp. 6) that Resolution declined to object to the government's delay in issuing an FEIS. That too is absolutely false: Resolution has always taken the position that an FEIS should issue promptly. When the 2021 FEIS was withdrawn, Resolution declined to join other parties' motion to stay the liti-

- 9 -

gation and did "not concede that the Federal Defendants had authority" to "rescind publication." Joint Motion to Stay 2 n.1, No. 21-cv-68 (D. Ariz. Mar. 18, 2021), Dkt. 46. In any event, the Exchange Act makes it clear that the land exchange must proceed now that the FEIS has issued.

Plaintiffs severely overstate (AMRC Opp. 15-16; Tribe Opp. 17-18; Lopez Opp. 1, 5) the import of a different district court's very brief—and now-dissolved—injunction pending Supreme Court review in the *Apache Stronghold* litigation. *Apache Stronghold* v. *United States*, 782 F. Supp. 3d 756 (D. Ariz. 2025). There, the district court *applied the Winter factors* and issued a temporary injunction merely to permit the Supreme Court to resolve Apache Stronghold's then-pending petition for certiorari. *Id.* at 770. That injunction presented what Judge Lanza later called "more serious merits questions than the substantive claims" that Plaintiffs raise here. 1-AMRCER-95. A Supreme Court decision, moreover, was expected any day. *See* 782 F.Supp.3d at 768 n.2. The Supreme Court has now firmly rejected review of *Apache Stronghold*—twice—and left in place this Court's en banc decision definitively rejecting those claims. *See* Dkt. 99.1.[2] Even more important: None of the claims in this lawsuit has been found to raise even a serious question on the merits.

---

[2] Lopez's claim (Opp. 1) that this Court is the "third" to "enjoin[] the land exchange" is seriously exaggerated. The motions panel took no position on the merits. The reference to two other injunctions appears to invoke the since-vacated *Apache Stronghold* injunction, plus Judge Lanza's brief injunction entered with the parties' *agreement* to facilitate briefing on the

Finally, Plaintiffs' claims of irreparable harm provide no sound basis to allow the administrative injunction to remain on the docket indefinitely. Rather, those arguments underscore that this Court should promptly address the well-settled standards that govern Plaintiffs' still-pending emergency motions. When the Court does, it should hold as Judge Lanza did: It is *Congress* that has definitively weighed the equities here and found that they support expeditiously unlocking this critical copper resource for the benefit of the American people.

## Conclusion

Resolution respectfully requests that this Court dissolve the administrative injunction immediately. The Court should deny Plaintiffs' motions for an emergency injunction pending appeal as soon as practicable.

October 14, 2025

Christopher D. Thomas
Andrea J. Driggs
Janet M. Howe
Benjamin A. Longbottom
HOLLAND & HART LLP
2398 E. Camelback Rd., Suite 650
Phoenix, AZ 85016
(602) 316-9334
CDThomas@hollandhart.com

Respectfully submitted,

*/s/ Michael R. Huston*
 *Counsel of Record*
Diane M. Johnsen
Nicholas S. Crown
Samantha J. Burke
Addison W. Bennett
PERKINS COIE LLP
2525 E Camelback Rd., Suite 500
Phoenix, AZ 85016
(602) 351-8000
MHuston@perkinscoie.com

*Counsel for Resolution Copper Mining LLC*

---

preliminary-injunction motions currently on appeal. Order 19-20, No. 21-cv-68 (D. Ariz. Jun. 9, 2025).

## CERTIFICATE OF COMPLIANCE

This document complies with: (1) Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 2,587 words excluding the parts exempted by Rule 27(a)(2)(B); and (2) the type-face and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century School-book) using Microsoft Word (the same program used for the word count).

*s/ Michael R. Huston*
**PERKINS COIE LLP**

*Counsel for Intervenor-Defendant-Appellee Resolution Copper Mining LLC*