

# SAN CARLOS APACHE TRIBE

Department of Justice
Post Office Box 40
San Carlos, Arizona 85550
Tel. (928) 475-3344 ❖ Fax (928) 475-3348 ❖ E-Mail alex.ritchie@scat-nsn.gov
_____

November 4, 2025

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the 9th Circuit
VIA ACMS

**Re: Rule 28(j) Response to Resolution Copper's October 31 Notice of Supplemental Authority** – *Arizona Mining Reform Coalition v. United States Forest Service*, No. 25-5185; *San Carlos Apache Tribe v. United States Forest Service*, No. 25-5189; and *Lopez v. United States of America*, No. 25-5197

Ms. Dwyer:

      Resolution's supplemental authority, *Rojas-Espinoza v. Bondi*, 2025 WL 2993230 (9th Cir. Oct. 24, 2025) (per curiam), provides no basis to lift the administrative injunction or deny the Tribe's motion for emergency injunction. Resolution's filing is simply another effort to circumvent agreed-upon briefing limits and to re-argue the *Nken* factors. The Court should not reward this gambit.

      Resolution waived its opportunity to seek relief from the administrative injunction by failing to timely seek reconsideration. *See* Dkt. 129 at 5-8. Further, *Rojas-Espinoza* provides no binding rule on administrative injunctions. The *Rojas-Espinoza* applicants failed to show that they satisfied the first two *Nken* factors, *see* slip op. at 10-13, which "doom[ed]" their motion, slip op. at 13. *Rojas-Espinoza*'s discussion of how the Clerk and Court should manage motions for emergency relief, *see* slip op. 21-22, was part of its analysis of the public interest factor and is therefore dictum, *see Nken v. Holder*, 556 U.S. 418, 434-35 (2009).

**San Carlos Apache Tribe v. United States Forest Service et al.**
Re: *Rule 28(j) Response to Resolution Copper's October 31 Notice of Supplemental Authority*
November 4, 2025
Page 2 of 3

Even if the discussion were not dictum, it would still not be binding because a three-judge panel cannot direct Court operations. *See* Fed. R. App. P. 47(a)(1); *see also* Gen. Order 12.11.

    *Rojas-Espinoza* does not impact the Tribe's right to an emergency injunction. The *Rojas-Espinoza* applicants filed a "barebones" emergency stay application that did not meaningfully brief the *Nken* factors, slip op. at 10-14, 17; *see id.* at 14-15, and provided no further briefing after obtaining an administrative stay, thereby abusing Court processes, *see id.* at 18-19. The Tribe has fully and repeatedly argued the *Nken* factors, establishing its entitlement to preliminary relief, including relief pending appeal. Finally, *Rojas-Espinoza*'s discussion of the length of the temporary administrative stay is inapposite, because it concerned whether the public interest favored emergency relief in that case. *See id.* at 17-22. Resolution did not assert the length of the administrative injunction affects the public interest, and the Tribe prevails on that element of the *Nken* test for the reasons it has repeatedly briefed.

    The Court should deny Appellees' motions to lift or dissolve the temporary administrative injunction and grant the Tribe's pending motion for stay of the land exchange.

Respectfully submitted,

San Carlos Apache Tribe
Department of Justice

By: */s/ Alexander B. Ritchie (with permission)*
Alexander B. Ritchie
Justine Jimmie
Laurel Herrmann
Jana Sutton
Bernardo M. Velasco
*Attorneys for Appellant San Carlos Apache Tribe*

**San Carlos Apache Tribe v. United States Forest Service et al.**
Re: *Rule 28(j) Response to Resolution Copper's October 31 Notice of Supplemental Authority*
November 4, 2025
Page 3 of 3

                                              **The Sparks Law Firm, P.C.**
                                              By: */s/ Joe P. Sparks*
                                                   Joe P. Sparks
                                              *Attorney for Appellant San Carlos*
                                              *Apache Tribe*

                                              Steve Titla
                                              *Attorney for Appellant San Carlos*
                                              *Apache Tribe (of Counsel)*

                                              Frank Holleman
                                              Colin Cloud Hampson
                                              *Attorneys for Appellant San Carlos*
                                              *Apache Tribe*

Cc: Counsel for all parties (via ACMS)